UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:18-cv-22651-FAM

STRIKE 3 HOLDINGS, LLC, a limited liability
company,

    Plaintiff,

v.

JOHN DOE subscriber assigned IP address
73.244.52.61, an individual,

    Defendant.
    _____/

**PLAINTIFF'S REQUEST FOR HEARING ON
PLAINTIFF'S MOTION FOR RECONSIDERATION [ Dkt. 12] AND
RESPONSE TO ORDER TO SHOW CAUSE [Dkt. 11]**

    Pursuant to Local Rule 7.1(b)(2), Plaintiff, Strike 3 Holdings, LLC ("Plaintiff") respectfully requests the Court to schedule a hearing on Plaintiff's Motion for Reconsideration [Dkt. 12] and Response to Order to Show Cause [Dkt. 11] and states:

    1.    Plaintiff is the owner of original motion pictures featured on its brand's subscription-based adult websites. Users on the Internet have infringed its copyrights on a large scale, throughout the United States

    2.    To combat digital piracy of Plaintiff's copyrighted works, Plaintiff has filed federal lawsuits against infringers, including 52 complaints filed in this District as of the date of this Request. A copy of Pacer's listing of Plaintiff's cases in this District is attached as Exhibit A to this Request.

    3.    In each filed case, Plaintiff has also filed a Motion, pursuant to Fed.R.Civ.P. 26(d)(1), seeking permission to serve a subpoena to the appropriate ISP in order to learn the

identity of the John Doe Defendant infringing Plaintiff's copyrights.  Every District Judge to whom an application has been filed in this District, other than this Court, has approved the issuance of the subpoena.[1]  These rulings are consistent with rulings from other Courts nationwide.[2]

4.  Plaintiff filed a Rule 26(d)(1) Motion seeking leave to issue a subpoena to the ISP. The Motion set forth the factual and basis for seeking a subpoena so that the John Doe Defendant can be identified, and this case can proceed.  The Court summarily denied Plaintiff's Motion and also entered an Order to Show Cause why this case should not be dismissed for Plaintiff's failure to timely serve the summons and complaint upon Defendant.

5.  As this Court summarily denied Plaintiff's Motion, Plaintiff did not know how it has failed to meet its burden to serve a subpoena on the ISP, so that it can pursue its copyright infringement claim against the John Doe Defendant.  Plaintiff moved for reconsideration of the Order denying the Motion, [Dkt. 11] and responded to the Court's Order to Show Cause, [Dkt. 10].

---

[1] *See e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. CV 18-61492-RNS (S.D. Fla. July 31, 2018) [Dkt. 10] (Snow, M.J.); *Strike 3 Holdings, LLC v. Doe*, No. CV 18-61493-BB (S.D. Fla. Aug. 7, 2018) [Dkt. 9] (Bloom, J.); *Strike 3 Holdings, LLC v. Doe*, No. CV 18-61495-CMA (S.D. Fla. Aug. 7, 2018) [Dkt. 8] (Altonaga, J.); *Strike 3 Holdings, LLC v. Doe*, No. CV 18-80880-RLR (S.D. Fla. Aug. 13, 2018) [Dkt. 11] (Reinhart, M.J.); *Strike 3 Holdings, LLC v. Doe*, No. CV 18-80882-WPD (S.D. Fla. Aug. 14, 2018) [Dkt. 9] (Dimitrouleas, J.); *Strike 3 Holdings, LLC v. Doe*, No. CV 18-80883-DMM (S.D. Fla. Aug. 15, 2018) [Dkt. 10] (Middlebrooks, J.); *Strike 3 Holdings, LLC v. Doe*, No. CV 18-22645-MGC (S.D. Fla. Aug. 21, 2018) [Dkt. 9] (Goodman, M.J.); *Strike 3 Holdings, LLC v. Doe*, No. CV 18-61494-KMW (S.D. Fla. Aug. 28, 2018) [Dkt. 9] (Valle, M.J.); *Strike 3 Holdings, LLC v. Doe*, No. CV 18-61489-JEM (S.D. Fla. Sep. 18, 2018) [Dkt. 6] (Martinez, J.).

[2] *See e.g.*, *Strike 3 Holdings, LLC v. Doe*, No. 3: CV 17-1680 (CSH), 2017 WL 5001474 (D. Conn. Nov. 1, 2017); *Strike 3 Holdings, LLC v. Doe*, No. CV 17-13300 (KM)(MAH), 2018 WL 783071 (D.N.J. Feb. 8, 2018); *Strike 3 Holdings, LLC v. Doe*, No. CV 18-431-LPS, 2018 WL 1942364 (D. Del. Apr. 25, 2018); *In re Various Strike 3 Holdings, LLC Copyright Infringement Cases*, No. CV 17-6717 (WFK)(CLP), 2018 WL 3404142 (E.D.N.Y. July 11, 2018); *Strike 3 Holdings, LLC v. Doe*, No. CV 17-9654 (AT)(KNF), 2018 WL 1737217 (S.D.N.Y. Mar. 12, 2018); *Strike 3 Holdings, LLC v. Doe*, No. CV 18-777 (JRT/BRT), 2018 WL 2078707 (D. Minn. May 4, 2018); *In re Strike Three Holding, LLC v. Doe*, No. CV 18-00588 (MCE)(GGH), 2018 WL 2949827 (E.D. Cal. June 13, 2018); *Strike 3 Holdings, LLC v. Doe*, No. CV 17-07006-LB, 2017 WL 6594008 (N.D. Cal. Dec. 21, 2017); *Strike 3 Holdings, LLC v. Doe*, No. CV 17-02316(GPC)(KSC), 2018 WL 324264 (S.D. Cal. Jan. 5, 2018); *Strike 3 Holdings, LLC v. Doe*, No. CV 17-2347 (TJK), 2018 WL 385418 (D.D.C. Jan. 11, 2018).

6. As of the date of this Request, the Clerk has randomly assigned to this Court, 7 of Plaintiff's cases. In Case Nos. 18-cv-61491-FAM, 18-civ-22647-FAM, 18-cv-24440-FAM; 18-cv-24470-FAM; 18-cv-24471-FAM and 18-cv-24483, this Court, as in this case, summarily denied Plaintiff's Motion for the issuance of a subpoena. In each of these cases, Plaintiff has filed, or will be filing, a Motion to Reconsider, and where the Court has issued an Order to Show Cause, a Response to that Order. Undersigned counsel is simultaneously requesting a hearing in each of these cases.

7. Plaintiff needs to know the reason why this Court has ruled that Plaintiff has failed to meet its burden under Rule 26(d)(1) so that it can respond appropriately to the Court's rulings. Now, is an appropriate time for the Court to address with Plaintiff the reasons why the Court has summarily denied Motions in 7 identical cases. A short hearing with the Court would be the most efficient manner for Plaintiff to address the reasons why the Court has summarily denied these 7 Motions. Further, as Plaintiff anticipates filing additional suits in this District, it is reasonable to presume that the Clerk's random draw will lead to additional cases filed before this Court.

Respectfully submitted,

**FOX ROTHSCHILD LLP**
*Attorneys for Plaintiff Strike 3 Holdings, LLC*

By: /s/ *Joseph A. DeMaria*
    **Joseph A. DeMaria, Esq., B.C.S.**
    2 South Biscayne Boulevard
    One Biscayne Tower, Suite 2750
    Miami, FL 33131
    Tel.: (305) 442-6540
    jdemaria@foxrothschild.com

## CERTIFICATE OF SERVICE

      I hereby certify that on **November 06, 2018**, I electronically filed the foregoing Request for Hearing with the Clerk of the Court using CM/ECF.  However, since Plaintiff does not know Defendant's identity or address, and because no counsel has yet made an appearance, Plaintiff is unable at this time to notify Defendant of this Request for Oral Argument.

                                              By: /s/ *Joseph A. DeMaria*
                                                      Counsel